**Pin Sen WANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–5798–AG.

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

**60**

John Z. Zhang, New York, New York, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, Anne M. Hayes and Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Pin Sen Wang, through counsel, petitions this Court for review of the BIA decision dismissing his appeal of the decision of an immigration judge ("IJ") de-

nying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

■ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Although this Court retains jurisdiction to review constitutional claims and matters of statutory construction under 8 U.S.C. § 1252(a)(2)(D), see Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144 (2d Cir.2006), Wang has raised no such issues in this case. The Court therefore lacks jurisdiction to review the denial of Wang's asylum application.

With regard to Wang's withholding of removal claim, when the BIA agrees with the IJ's conclusion that a petitioner is not credible, and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. See Yun–Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att'y Gen., 400 F.3d 963, 964 (2d Cir.2005).

■ Here, there was substantial evidence supporting the IJ's finding that Wang's testimony was incredible based on the implausible and inconsistent nature of important aspects of that testimony. See Dong v. Ashcroft, 406 F.3d 110, 111 (2d

Cir.2005) (*per curiam*) (noting that an adverse credibility finding based on "inconsistent statements ... or on contradictory evidence or inherently improbable testimony" generally prevents a reviewing court from concluding the factfinder was incorrect). Specifically, the IJ found Wang's testimony that he had worked for the Chinese government, and obtained official Chinese documents, while he was hiding from government family planning officials implausible. Further, the IJ properly determined that Wang's testimony regarding his departure from China, and where he and his family hid from the family planning officials, was inconsistent with the information in his wife's affidavit. Based on its adverse credibility determination, the IJ correctly denied Wang's withholding of removal claim.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).